IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**LILLIE MORGAN, parent and next Friend of**
**ODELL MEADOWS, a minor child,**

      Plaintiff,

v.                                                      Cause No.: _____

**ALBUQUERQUE PUBLIC SCHOOLS, in its official capacity;**
**MICHAEL BACHICHA, individually and in his official**
**capacity as Principal of Sandia High School; ESTHER KEETON,**
**individually and in her official capacity as Assistant Principal**
**of Sandia High School; MARY LA VALLEY, individually and in**
**her official capacity as a teacher,**

      **Defendants.**

**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS**
**AND INTENTIONAL RACIAL DISCRIMINATION**

COMES NOW the Plaintiff, LILLIE MORGAN, parent and next Friend of O'DELL MEADOWS, a minor child, by through her counsel of record, LAW OFFICE OF ROBERT COLE (Robert Cole, appearing), and hereby brings this cause of action against Albuquerque Public Schools, Michael Bachicha, Esther Keeton and Mary LaValley, and for her Complaint, states as follows:

**INTRODUCTION**

This claim and cause of action arises out of illegal racial discrimination directed against O'Dell Meadows while he was a student of Sandia High School, a school belonging to Albuquerque Public Schools ("APS").  The illegal discrimination suffered by O'Dell Meadows commenced on December 18, 2008, when his health teacher, Mary LaValley, made racially offensive comments towards O'Dell Meadows in front of his classmates. The comments and

jokes were directed at O'Dell's race which is African American. O'Dell Meadows was a minor child of 14 years of age when the first incident occurred.

On March 17, 2009, Defendant LaValley, for a second time, made offensive jokes and comments about O'Dell's race. These comments were made in front of and for the entertainment of the class. Defendants Keeton, Bachicha, and APS as well as Defendant La Valley were progressively all made aware of the offensive behavior that had ensued through various reports to the school and face to face meetings.

In a meeting with Plaintiff Morgan, Defendant Keeton and other APS personnel present, Defendant La Valley admitted to making disparaging comments and jokes about O'Dell's ethnicity. Despite said admission, no corrective action was taken against Defendant LaValley. Consequently, Defendant LaValley continued to harass and retaliate against O'Dell Meadows.

As a direct result of the disparaging racial comments made by LaValley, and the failure and refusal by APS to address LaValley's behavior, O'Dell Meadows lost respect for his teachers and for the school system; He did not want to attend class. Consequently, O'dell's academic performance declined; and he experienced psychotic episodes for which he was hospitalized;

Defendants acted with reckless disregard, malice and with the intention of depriving O'Dell Meadows, a minor child of his rights guaranteed by the Constitution, laws and statutes of the United States and by the Constitutions, laws and statutes of the State of New Mexico. Therefore, O'Dell Meadows is entitled to punitive and compensatory damages.

## PARTIES

1.      Lillie Morgan is, and was at all times relevant hereto, a resident of and domiciliary of Albuquerque, Bernalillo County, New Mexico and a parent to O'Dell Meadows, a minor child.

2.      O'Dell Meadows is, and was at all times relevant hereto a resident of and domiciliary of Albuquerque, Bernalillo County, New Mexico and a minor child attending Sandia High School as a student.

3.      Plaintiff Meadows was enrolled at Sandia High School during the time of the events that gave rise to this complaint.

4.      Defendant Albuquerque Public Schools (" APS") is, and was at all times relevant hereto, a public body and political subdivision of the State of New Mexico with headquarters in Albuquerque, Bernalillo County, New Mexico and organized under the laws of the State of New Mexico, conducting business in Albuquerque, Bernalillo County, New Mexico.  At all times relevant hereto, Sandia High School, was and is, a body of APS.

5.      Defendant Bachicha was at all times relevant hereto, acting in his official capacity as Principal of Sandia High School and as such, was responsible for the day to day operation and management at Sandia High School, as well as implementing policy procedures with regard to employee misconduct at Sandia High School.

6.      Defendant Bachicha was at all times material to, a resident and domiciliary of Bernalillo County, New Mexico.

7.      Defendant Keeton was at all times relevant hereto, acting in her official capacity as Assistant Principal of Sandia High School and as such, was responsible for implementation of policy procedures regarding employee misconduct at Sandia High School.

8. Defendant Keeton was at all times relevant hereto, a resident and domiciliary of Bernalillo County, New Mexico.

9. Defendant La Valley is and was all times relevant hereto, a teacher and an employee of Sandia High School and was responsible for implementing policy on behalf of Sandia High School.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court with respect to the "federal questions" regarding 42 U.S.C. § 1983 presented Count I, which arises under the Constitution and laws of the United States pursuant to 28 U.S.C. § 1331 and give this Court original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3).

11. Count II of this controversy includes a claim involving violations of the Constitution of the State of New Mexico as well as various provisions statutory law and common law of the State of New Mexico that are inextricably linked in the same circumstances and deprivations of civil rights giving rise to the claim in Count I.

12. Each of the events giving rise to this controversy occurred in Bernalillo County, New Mexico.

13. Each of the Defendants in this controversy resides in New Mexico.

14. All Defendants are state actors and "persons" pursuant to 42 U.S.C. § 1983.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

16. All claims brought herein arise from a common nucleus of operative fact therefore, this Court has supplemental jurisdiction over the claims that are properly brought in the New Mexico State District Court

17. The amount in controversy is over $75,000.00.

## FACTS RELATED TO ALL COUNTS

18. In the Fall of 2008 and during the Spring of 2009, O'Dell Meadows, a minor child, was enrolled in Health Class which was taught by Defendant La Valley at Defendant Sandia High School.

19. O'Dell Meadows is African American.

20. On or about December 19, 2008, Defendant La Valley publicly humiliated O'Dell Meadows by making a joke about his race during the course of the class.

21. At the time of the joke, O'Dell Meadows was a minor child of 14 years of age.

22. O'Dell Meadows was the only African American student in class.

23. Defendant La Valley's joke to the class was: "Why do black people think about sex all day?  I know, because they have pubic hair growing out on their heads."

24. As a result of the joke, O'Dell Meadows suffered humiliation and embarrassment.

25. O'Dell Meadows immediately reported the incident to his mother but implored her not to say anything about it for fear of bringing more attention to him and fear of retaliation.

26. O'Dell Meadows continued to attend class with Defendant La Valley after the incident and continued to endure the brunt of her jokes.

27. As a result of the public embarrassment and racial discrimination, O'Dell Meadows became confused, embarrassed by his race, more irritable and began to suffer low self-esteem.

28. Approximately 3 months after LaValley's first discriminating joke, during Health Class, Defendant La Valley made another public racial comment directed at Plaintiff Meadows.

29. On or about March 17, 2009, during a class discussion on black holes, Defendant La Valley publicly referred to O'Dell Meadows as a "black hole."

30. On or about March 18, 2009, O'Dell Meadows reported the incident to his school counselor, William Silva.

31. Plaintiff Morgan advised Mr. Silva regarding the incidents and her concern for her son's academic and psychological well-being.

32. Out of concern for her son, Plaintiff Morgan went the school and asked to speak directly to Defendant Principal Michael Bachicha.   Defendant Bachicha's secretary informed Mrs Morgan that he was not available.

33. Finally a meeting was scheduled and held on April 2, 2009, between O' Dell Meadows, Plaintiff Morgan, Mr. Silva, Defendant La Valley and an assistant principal, Defendant Keeton.

34. At the meeting, Defendant La Valley admitted to making racial comments and jokes directed at O'Dell Meadows.

35. Defendant La Valley stated that she saw no harm in her comments and jokes. When asked a second time whether she had made the comments she affirmed that she had, in fact, made such comments.

36. When asked how such comments were linked to the curriculum, Defendant LaValley left the meeting under the premise that she felt attacked.

37. On April 6, 2009, O'Dell Meadows's mother, Plaintiff Morgan was finally able to meet with Defendant Principal Bachicha.  Defendant Bachicha assured Ms. Morgan that the matter would be addressed and that he would speak to Defendant LaValley about her behavior.

38. Shortly after the meeting with Defendant Bachicha, Defendant LaValley retaliated against O'Dell Meadows by publicly telling his classmates that "[someone] and his parents were trying to get her fired".

39.    After learning about Defendant La Valley's statement, Plaintiff Morgan filed a formal complaint with Toby Herrera at APS.

40.    On April 10, 2009, another meeting was held with Plaintiff Morgan, her husband, Eddie Morgan, Defendant Bachicha, Defendant LaValley, and APS student advocate, Jocelyn Jackson.

41.    Once again, Defendant LaValley admitted to making the jokes directed at O'Dell Meadows in class. Defendant LaValley blamed another person for coming up with the jokes but stated she found them humorous.

42.    It was recommended by Jocelyn Jackson at the April 10, 2009 meeting that Defendant LaValley take sensitivity training.

43.    At the April 10, 2009 meeting no other remedial or corrective action was recommended, suggested or taken by Defendant Bachicha.

44.    No remedial or compensatory action was taken to address the racial discrimination suffered by O'Dell Meadows.

45.    Neither APS, nor Defendant Bachicha, took any measures to assure that such behavior would not continue, that O'Dell would not continue to suffer humiliation or be the target of retaliation.

46.    O'Dell Meadows was not removed to another class, despite this having been the request by his parents. O'Dell was forced to continue the class with Defendant LaValley.

47.    After April 10, 2009, O'Dell Meadows was subjected to further harassment by his teacher, Defendant LaValley.

48.    As a result of the public embarrassment and racial discrimination, O'Dell Meadows began to "act out" in school.

49. As a result of the public embarrassment and racial discrimination, O'Dell Meadows began to avoid class and tell his mother he was too sick to attend class.

50. On May 5, 2009, Defendant La Valley, in another act of retaliation, had school security escort O'Dell Meadows from her classroom to Mr. Silva's office, a guidance counselor.

51. When Mr. Silva discussed the matter with Defendant La Valley via speaker phone and in the presence of O'Dell, she stated: "that's the student whose parents are trying to get me fired."

52. On May 5, 2009, Plaintiff Morgan filed a formal complaint with Charles Becknell, director for APS Office of Equal Opportunity Services and requested that O'Dell Meadows be removed from Defendant LaValley's classroom.

53. On August 24, 2009, Mr. and Mrs. Morgan received a letter from Defendant APS stating that Plaintiff Meadows case was being closed in lieu of Defendant LaValley having been referred to empathy training.  The request to have O'Dell removed from Ms. LaValley's class was denied.

54. Defendant LaValley discriminated against O'Dell Meadows on the basis of his skin color and ethnicity, both before and after the incidents were addressed by APS authorities.

55. After O'Dell reported the illegal racial discrimination, Defendant LaValley retaliated against him, creating a hostile environment.

56. As a result of Defendants' illegal racial discrimination and retaliation, O'Dell Meadows incurred both physical and psychological harm.

57. As a result of Defendants' illegal racial discrimination and retaliation, O'Dell Meadows twice required in-patient psychiatric care.

58. As a result of Defendants' illegal racial discrimination and retaliation, O'Dell Meadows will require intensive individual psychotherapy for at least three years.

59. As a result of Defendants' illegal racial discrimination and retaliation, O'Dell Meadows suffered a decline in academic performance, thereby jeopardizing his prospects for a college education.

60. As a result of Defendants' illegal racial discrimination and retaliation, O'Dell Meadows suffered a loss of quality of life as well as great emotional distress.

## COUNT I
### INTENTIONAL RACIAL DISCRIMINATION AND VIOLATION OF THE EQUAL PROTECTION ACT

61. All previous paragraphs are incorporated herein by reference.

62. Defendant Albuquerque Public Schools and Sandia High School are government entities or public bodies.

63. All Defendants are State actors and "persons" pursuant to 42 U.S.C. § 1983.

64. O'Dell Meadows is African American.

65. Defendants subjected O'Dell Meadows to discrimination based on his race in that Defendant La Valley was permitted on numerous times to make humiliating jokes directed specifically at Meadows's race. The jokes and racial comments were made during Health class and in the presence of O'Dell's classmates.

66. After the occurrences of racial discrimination were reported to Defendants through the school counselor, Mr. Silva, Defendants subjected O'Dell Meadows to discrimination based on his race by refusing to take any sort of preventative or corrective measure against Defendant La Valley to keep similar incidents from occurring again.

67. After the occurrences of racial discrimination were reported to Defendants through the school counselor, Mr. Silva, as well as through two more face to face meetings with Defendants, Defendants subjected O'Dell Meadows to further discrimination based on his race in that he was continuously subjected to the racially hostile environment during the Health Class taught by Defendant LaValley.

68. Defendants subjected O'Dell Meadows to further discrimination based on his race by allowing Defendant LaValley to further retaliate and harass O'Dell Meadows.

69. Defendants Keeton and Bachicha were made aware of the illegal discrimination by Defendant La Valley's own admission.

70. Defendant La Valley was allowed to remain in a position of authority over O'Dell Meadows.

71. Defendants allowed LaValley to retaliate against O'Dell Meadows by having him escorted by school security to Mr. Silva's office while announcing to school staff and students that O'Dell Meadows, and his parents, were trying to get Defendant La Valley fired.

72. Disparate treatment of O'Dell Meadows due to his race is a violation of his rights under the Equal Protection Act and the Constitution of the United States.

73. As a result of the Defendants' violation of Plaintiff's rights, Plaintiff suffered and continues to suffer damages to be proven at trial.

## COUNT II
## VIOLATION OF A RIGHT TO A FREE PUBLIC EDUCATION

74. All previous paragraphs are incorporated herein by reference.

75. All Defendants are State actors and "persons" pursuant to 42 U.S.C. § 1983.

76. Defendants willfully created a hostile environment for O'Dell Meadows which significantly impeded his education.

77. Defendant La Valley's comments were reported in good faith to her supervisors. Defendants failed and continue to fail to stop, deter or prevent further illegal discrimination against O'Dell Meadows.

78. Defendants Keeton and Bachicha, acting under color of law for Defendant APS, were made aware of the illegal discrimination by Defendant La Valley's own admissions.

79. Defendants refused, failed and continue to fail to provide O'Dell with the right to free public education as guaranteed pursuant to 22-12-4 NMSA 1978.

80. As a result of the racially discriminatory comments being reported to school authorities, Defendant retaliated against O'Dell Meadows by Defendant La Valley publicly announcing to classmates and staff that he and his parents were trying to get her fired and by going so far as to have school security escort O'Dell Meadows from his class.

81. After being specifically asked through a formal complaint filed May 5, 2009, Defendants still refused to allow O'Dell Meadows to attend a different health class in order to avoid the racial hostility of his teacher, Defendant LaValley.

82. Defendants willfully and knowingly created such a hostile environment resulting in O'Dell Meadows being denied a right to a free public education.

83. Disparate treatment of O'Dell Meadows due to his race as well as the intentional creation of a hostile educational environment is a violation of his rights under the laws of the State of New Mexico.

84. As a result of the Defendants' violation of Plaintiff's rights, Plaintiff suffered and continues to suffer damages to be proven at trial.

## **JURY DEMAND**

Plaintiff Morgan requests that this matter be heard by a jury of her peers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Morgan respectfully requests on behalf of O'Dell Meadows that he be awarded compensatory damages from Defendants Albuquerque Public Schools, Michael Bachicha, individually and as Principal of Sandia High School, Esther Keeton, individually and in her official capacity as Assistant Principal of Sandia High School, and Mary LaValley, individually and in her official capacity as a teacher for Defendant APS, for all aspects of his compensatory damages in an amount to be proven at trial, as well as punitive damages, costs, pre-judgment interest, post judgment interest, attorney fees any and all other relief this Court deems just and appropriate.

Respectfully Submitted,

**LAW OFFICE OF ROBERT COLE**

<u>/s/ Robert Cole, Attorney at Law</u>
By: Robert Cole
*Attorney for Plaintiff*
6303 Indian School Rd NE, Suite 100
Albuquerque, NM 87110
(505) 872-8626/ 872-8624 (FAX)
rlc@rcolelaw.com