IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIE MORGAN, parent and
next friend of Odell Meadows,
a minor child,

            Plaintiff,

vs.                                         CIVIL NO. 10-1212 WJ/LFG

ALBUQUERQUE PUBLIC
SCHOOLS et al.,

            Defendants.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY PENDING DECISION ON MOTION TO DISMISS NO. II [DOC. 16]

THIS MATTER is before the Court on APS Defendants' Motion for Protective Order Staying Discovery Until the Court Rules on APS Defendants' Dispositive Motions [Doc. 19].

Defendants filed four motions to dismiss. Motion to Dismiss No. I [Doc. 15] seeks dismissal of Plaintiff's equal protection claim and supervisory liability claim against any of the APS Defendants. Motion to Dismiss No. II [Doc. 16] seeks dismissal of claims against the non-institutional Defendants based on qualified immunity. Motion to Dismiss No. III [Doc. 17] seeks dismissal of Plaintiff's claims based on the New Mexico Constitution. Finally, Motion to Dismiss No. IV [Doc. 18] seeks dismissal of Plaintiff's state tort claims on the basis that there is no waiver of immunity for the claims asserted by Plaintiff.

Defendants seek a protective order that would stay all discovery pending the Court's consideration and disposition of these four motions. Because the law is so clear and compelling, and because the Court's discretion is limited when a qualified immunity motion is before the Court, no response is necessary.

The pendency of a motion to dismiss does not ordinarily entitle a moving party to a stay of discovery. *See, e.g.*, Wedel v. Craig, 2010 WL 2545974, at *2 (D. Kan. Jun. 22, 2010)(discovery not routinely stayed merely because dispositive motion is pending)(unpublished). However, a motion to dismiss based on qualified immunity is different. Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also from the burdens of trial, including discovery. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1946 (2009); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). Thus, when a motion to dismiss based on qualified immunity is before the Court, as it is here, the Court is required to stay discovery. Id.

In this case, Plaintiff sued APS, an entity that is not entitled to assert qualified immunity. Plaintiff also sued individually named governmental employees who are entitled to assert qualified immunity. Until 2009, there existed a question as to whether discovery could go forward on matters relating to those defendants not entitled to assert qualified immunity even when a stay of discovery was entered as to those defendants who were entitled to assert it. In Ashcroft v. Iqbal, the high court stated:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236, 111 S. Ct. 1789, 1114 L. Ed. 2d 277 (1991)(Kennedy J., concurring in judgment). There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

> It is no answer to these concerns to say that discovery for petitioners [individuals entitled to assert qualified immunity] can be deferred while pretrial proceedings continue for other defendants [those not entitled to assert qualified immunity]. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Id. at 1953.

Such is the case here. Ashcroft and Jiron make clear that discovery should be stayed pending disposition of the Defendants' qualified immunity motion. But, can Plaintiff engage in discovery related to APS? The answer is no. Pursuant to the authority in Ashcroft v. Iqbal, the Court is compelled to stay all discovery pending the Court's consideration and disposition of Motion to Dismiss No. II.

While Defendants argue that all of their motions are potentially dispositive and discovery should be stayed until the Court considers and disposes of all the motions, the law does not entitle Defendants a stay of discovery simply because potentially dispositive motions, other than qualified immunity, are before the Court.

Accordingly, the Court's protective order and stay of discovery relate only to the pendency of the qualified immunity motion. The Court finds that Defendants are entitled to a protective order and stay of discovery until such time as the Court resolves matters relating to Defendants Motion to Dismiss No. II [Doc. 16] based on qualified immunity.

SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge